FTHE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

| | | |
|---|---|---|
| **NURAY CAKICI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** |
| | ) | |
| **BOCA TOWN PIZZA, LLC d/b/a** | ) | |
| **VILLA ITALIAN KITCHEN, and** | ) | |
| **VILLA ENTERPRISES** | ) | |
| **MANAGEMENT, LTD., INC., d/b/a** | ) | **JURY DEMAND** |
| **VILLA ITALIAN KITCHEN,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT WITH DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, Nuray Cakici, (hereinafter "Plaintiff"), by and through her undersigned counsel, and hereby files her Complaint against Defendant, Boca Town Pizza, LLC, d/b/a Villa Italian Kitchen, and Villa Enterprises Management, Ltd., Inc., d/b/a/ Villa Italian Kitchen, collectively her former employer (hereinafter sometimes referred to as "Defendant"), and states as follows:

## JURISDICTION AND VENUE

1.     This is an action by Plaintiff, Nuray Cakici., for compensatory and punitive damages, declaratory, and injunctive relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended ("Title VII"), 42 U.S.C. §§ 1981, 1983 (collectively "§ 1981"), the Age Discrimination In Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, and the Florida Civil Rights Act ("FCRA"), to redress injury caused by Defendant's disparate treatment based on or motivated by her race, gender, age, and/or national origin, and for retaliation against

SALAS LAW FIRM, P.A.

her protected conduct. This is also an action for compensatory and punitive damages, declaratory, and injunctive relief under Title VII, § 1981, the FCRA, and the ADEA.

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, Title VII, § 1981, and the ADEA. This Court has supplemental jurisdiction of the other state law claims pursuant to 28 U.S.C. § 1367.  Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above to include attorneys' fees, costs, and damages.

3.      Defendant Boca Town Pizza, LLC d/b/a Villa Italian Kitchen, employs at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the relevant calendar years.

4.      Defendant Villa Enterprises Management, Ltd., Inc., d/b/a Villa Italian Kitchen, employs at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the relevant calendar years.

5.      Venue is proper in Broward County (28 U.S.C. § 89(c)), because Defendant does business in Broward County, and some or all of the acts alleged herein took place in Broward County.

6.      Each defendant is incorporated in Florida, conduct business in Florida and all of the acts and omissions occurred to Plaintiff while she worked at Defendant's Pembroke Pines Store location (11401 Pines Blvd., No. 546, Pembroke Pines, Florida 33026 a/k/a Store No. 1923).

7.      Plaintiff is a resident of Broward County, and her present address is located in the city of Pembroke Pines, Florida.

8.      All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

9.      On or about March 29, 2019, Plaintiff filed a Charge of Discrimination with the Miami Equal Employment Opportunity Commission ("EEOC"), Charge No.: 510-2019-01893. A true and correct copy of Plaintiff's charge is attached hereto as **Exhibit "A"**.

10.     On or about September 11, 2019, the EEOC issued a right-to-sue letter, and this lawsuit is timely filed. True and correct copies are attached hereto as **Exhibit "B"**.

## <u>GENERAL FACTUAL ALLEGATIONS</u>

11.     Plaintiff is a fifty-four-year-old female.

12.     Plaintiff was born in the Republic of Turkey and is a U.S. Citizen.

13.     Plaintiff's religion is Muslim.

14.     Plaintiff is fluent in Turkish and English; however, she speaks with an accent and on occasion has difficulty with English.

13.     Plaintiff worked for Defendant, Boca Town Pizza, LLC d/b/a Villa Italian Kitchen, at Store No. 1923, from her hire on or about September 6, 2017, until her termination on December 20, 2018.

14.     Plaintiff worked for Defendant, Villa Enterprises Management, Ltd., Inc d/b/a Villa Italian Kitchen, at Store No. 1923, from her hire on or about September 6, 2017, until her termination on December 20, 2018.

15.     On information and belief, both Defendants acted as Plaintiff's employer during her time working as a manager at the Pembroke Pines location and are or are acting as the same or joint-employer of Plaintiff. (Boca Town Pizza, LLC and Villa Enterprises Management, Ltd., Inc. are hereinafter referred to collectively as "Defendant" or "employer").

16.     During the hiring process Plaintiff was told by Sidney Chetnam, District Manager's Immediate Supervisor (white male, approximately 45 years of age, United States origin), the agent

of Defendant that interviewed her, "This store [,Store 1923,]  is now yours. You are the GM for this store. We will now send you for training to New Jersey."

17.     However, in early September 2017, when the District Manager, Hamid Neyazi (male, approximately 48 years of age, national origin unknown) put Plaintiff in Defendant's employee software system as "assistant manager," he told Plaintiff, "we cannot send you for training anywhere right now because the store needs a General Manager immediately and the store needs you now."

18.     Per Neyazi, it was Plaintiff's understanding that she was only put in Defendant's software as "assistant manager" because she had yet to receive the training, but that when the training was complete she would be designated as "General Manager" a/k/a Store Manager in the software and that, in reality, she was already the acting Store Manager.

19.     When Plaintiff was employed by Defendant, Store No. 1923 was understaffed and Defendant knew about the issue.

20.     Around April 2018, Rodney Bell (black male, approximately 45 years of age, U.S. origin) was hired into the position of Store Manager of No. 1923, and Plaintiff's was placed in the position of "assistant manager."

21.     Prior to April 2018, there was no store manager working there and Plaintiff was performing the duties of general manager / store manager.

22.     Johnathan Walker (white male, approximately 45 years of age, U.S. national origin origin) was and is the acting District Manager for Respondent's Store No. 1923, replacing Neyazi.

23.     Walker's supervisor was and is Chetnam.

24.     Prior to Bell being hired as store manager of Store No. 1923, Plaintiff often worked excessive overtime.

25.     Prior to October 2018, Plaintiff had received zero (or possibly one) warning issued by Respondent, around April 2018.

26.     Until her termination notice discussed below, Defendant used a form for disciplining Plaintiff, styled "Employee Warning Notice."

27.     Plaintiff's rate of pay was $15.70/hour until her termination.

28.     In late October 2018, Bell told Plaintiff that it was unfair that "if [Plaintiff] worked 55 hours a week, [she] would make more than him."

29.     Bell also told Plaintiff that other employees were "not getting hours," and that it was unfair to them, including at least one male employee (Gerado Rivas, approximately 22 years of age, male of Latin origin, assistant manager).

30.     Bell also told Plaintiff that because of her rate of pay, Defendant could not hire other employees (because they were paying her too much) and that Defendant would not raise its hourly rates of pay.

31.     Bell demanded Plaintiff accept a demotion in pay to $12.00/hour, reducing her rate of pay as well as to accept less hours.

32.     Plaintiff said she would consider it, but that she wanted to keep her same rate of pay and generally her number of assigned hours (around 40 or 40-plus/week).

33.     On or around October 26, 2018, Plaintiff complained via email and lengthy phone call to Respondent's Human Resources department (Marge Lehman, approximately unknown age, female of U.S. origin, Respondent's Senior HR Manager).

34.     This complaint included several complaints about what Plaintiff believed were discriminatory actions by Defendant and its agents.

35.     This included this unfair demand for a reduction in pay, that Plaintiff's hours had

been reduced (to around 20 hours / week), and included the statements:

> Since [Bell] thinks I am earning too much, I feel like he is harassing me.  I am not
> comfortable when he is saying those words all the time.  I feel like I'm being
> discriminated against because I am a Muslim and an immigrant.  I am a great
> worker, I don't know why he is doing this to me.  What can I do?  Please let me
> know.

36.     On information and belief, every one of Defendant's managers and agents,

including Chetnam, Lehman, Walker, and Bell, knew of Plaintiff's internal complaint (October

26, 2019) on or about the same day it was made and at least before November 5, 2019.

37.     On November 6, 2018, Plaintiff received a "written warning" on the Employee

Warning Notice, from Walker, in the Notice's category "other violation" (as compared with, e.g.,

"work quality violation") for contacting Defendant's corporate human resources as described in

the paragraph above.

38.     The warning states "I[,Walker,] am advising Nuray on the proper protocol on the

open door policy and how to handle Human Resources concerns in the future.  Acknowledgement

[sic] that she needs to reach out thru [sic] proper chain of command when dealing with a Human

Resources related concern."

39.     Walker gave Plaintiff this written warning after she complained to Lehman about

Bell and Walker as described above and for demanding she voluntarily reduce her rate of pay from

$15.70/hour to $12.00/hour.

40.     Plaintiff believes this discipline is an example of disparate treatment against her as

well as a discipline issued in retaliation for filing an internal complaint.

41.     Other employees outside of Plaintiff's protected classes were not disciplined (e.g.

Rivas and Gabriel Acevedo (approximately 20 years of age, male of Latin origin) for speaking

with Human Resources and Respondent's "open door policy" misrepresents the actual policy in practice and/or is a sham.

42.     As Plaintiff stated in the writeup, "I called Marge [Lehman] because Rodney [Bell] told me that you are in agreement with him," because she felt it appropriate to go straight to Human Resources without consulting with Walker.

43.     Plaintiff's understanding is that her approach is consistent with Defendant's employment policies as written and that Plaintiff should not have been disciplined for complaining.

44.     On information and belief, neither Lehman nor anyone with Defendant ever conducted any investigation into Plaintiff's allegations.

45.     On information and belief, Defendant utilized this discipline to intimidate Plaintiff, including to get her to quit.

46.     On information and belief, Defendant utilized this discipline to intimidate Plaintiff, including to cause or which caused her emotional distress.

47.     On information and belief, Defendant's alleged investigation was a sham or not conducted in the same way it conducted other internal complaints, in further discrimination toward and retaliation against Plaintiff.

48.     On or about November 7, 2018, Plaintiff received another Employee Warning Notice, the stated reason on the form was "work quality violation," even though Plaintiff and one other person were conducting all of the daily duties, while understaffed.

49.     The reason given for this discipline was false and/or was a pretext for unlawful disparate treatment in discipline of Plaintiff and/or retaliation, particularly because it occurred almost immediately after she complained and after she was disciplined for complaining (see above Nov. 6, 2018 discipline).

50.     Other employees outside of Plaintiff's protected classes (e.g. Bell, Rivas, and Acevedo), whose work was alleged by Defendant to be subpart or below standards and/or actually performed work in a subpar or below standards manner (or other violations as contained in the Notice) were not disciplined.

51.     On November 15, 2018, Plaintiff again received an Employee Warning Notice for "work quality," because one of her subordinates did not clock out and because some portion of the glass display in the store was not as clean as Bell wanted, despite being understaffed and Plaintiff's extra efforts to make up for that.

52.     That day there was a technical problem with Defendant's computer system, the system where employees clock in and out for the day (micros).

53.     Plaintiff could not gain access to the system due to a software error (required to change the password, but could not get it changed so Plaintiff could access micros).

54.     Plaintiff told Bell about the software issue, but decided to discipline her later that day anyway.

55.     Other employees were not disciplined for similar actions or inactions (e.g. Bell, Rivas, and Acevedo), and Defendant treated her less favorably than persons outside of Plaintiff's protected classes, which was in reality a pretext for unlawful discipline, retaliation, and termination.

56.     On or about December 2, 2018, Plaintiff received a discipline for "other violation: Cash Control Policy."

57.     At the end of each day, money received should be listed at the register in the "micros" software system.  The cash is then taken to the bank with a bank deposit slip noting the amount to deposit, etc.

SALAS LAW FIRM, P.A.

58.     On this day, there were no bank slips present at the store and there had not been any for a day or so prior.

59.     There was never any money missing and the reason for the issue was the lack of bank slips and Plaintiff corrected the issue once Bell informed her.

60.     Despite the fact Defendant knew or should have known of the issue, Plaintiff was disciplined with an Employee Warning Notice.

61.     Nowhere on the notice does it say "final warning," nor did anyone tell Plaintiff it was a "final warning."

62.     On information and belief, Defendant did not follow its own progressive discipline policy and/or engaged in disparate treatment of Plaintiff and/or retaliated against her in discipline by discipling her for different types of violations (e.g. "work violation" and "other") and then blending the types of violations, impermissibly and/or effectively discriminating against her, and using those alleged violations as a pretext for her termination.

63.     On December 20, 2018, Walker approached Plaintiff and said "Merry Christmas, you're fired" with a smile on his face.

64.     Later that day, Plaintiff told Bell "you know in your heart this is wrong," and he responded, "I'm sorry."  Plaintiff was visibly upset and crying.

65.     Plaintiff was handed a notice by Walker ("Team Member Warning Notice").  The Notice is different than the Employee Warning Notices described above, including having a field for "Final Written Warning," whereas the previous notices did not.

66.     This termination notice states Plaintiff had previously received the "final written warning," which she had not, and states she was terminated for "unsatisfactory or improper work and/or performance."

67.     In the next block, the warning states:

What is the issue/opportunity for improvement?  (What was the company/policy rule affected)?  Nuray has received multiple documentation resulting in work Quality and Performance consistent with company guidelines and standards.  This is a Termination document upon my review of the multiple warnings on work quality and performance on dates listed.  11/01/2018, 11/07/2018, and 12/02/2018.

68.     These statements also demonstrate pretext for unlawful discrimination and retaliation by Defendant.  For instance, the first sentence ("Nuray has received . . . .") either supports the reality that Plaintiff was doing a good job for Defendant, or it is incomprehensible/not English.

69.     There was no discipline issued on November 1, 2018.  The closest discipline temporally is the November 6, 2018 discipline for emailing HR/Lehman with Plaintiff's complaints of discrimination, and Plaintiff believes it was issued in retaliation for complaining.

70.     This document reflects inconsistent and/or shifting reasons for Respondent's actions towards Plaintiff.

71.     Walker's statement of "Merry Christmas, you're fired," is another example of Defendant's and its agents' discrimination against Plaintiff and distressed her, including because she is of Turkish origin and/or because of her Muslim religion.

72.     These reasons for Plaintiff's termination are not only not true, they are also not legitimate and not worthy of belief, and that question is for the jury and/or there are comparators that were engaged in the same or similar conduct and were not disciplined or terminated.

73.     Plaintiff has, and continues to suffer, damages, including emotional distress, from the acts and omissions of Defendant and its agents.

74.     Plaintiff has sufficient evidence and/or will present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that her race, sex, religion, age

and/or national origin was/were the factor or a motivating factor(s) for Defendant's discriminatory and retaliatory termination.

75.     Defendant is or may be liable to Plaintiff under the "cat's paw" theory of vicarious liability and, to the extent necessary, alleges that it is so liable.

**Count I – Title VII & FCRA Disparate Treatment (Race – Discipline)[1]**

76.     Plaintiff realleges all of the preceding paragraphs of this complaint.

77.     Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII and the FCRA.

78.     Plaintiff is a member of a protected class, a racial minority, Muslim and/or Turkish, and of the national origin of the Republic of Turkey.

79.     Plaintiff was qualified for her position.

80.     Plaintiff suffered an adverse employment action(s), discipline, including the November 6, 7, and 15, 2019 discipline and for the December 2, 2018 discipline.

81.     Similarly situated comparator employees, including those non-Turkish employees or employees of other races/ethnicities named in this complaint, were treated more favorably than her in the terms and conditions of their employment, including discipline.

82.     Defendant intended to discriminate and did discriminate on the basis of race, and/or Plaintiff's protected characteristic, race, was a motivator or motivating factor in Defendant's treatment of Plaintiff in discipline.

83.     Defendant's discrimination concerned one or more of the activities enumerated in Title VII and the FCRA.

---

[1] To the extent necessary, Plaintiff's claims are pled in the alternative.

84.     As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

85.     Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

86.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in (false, inaccurate, and/or disparate) discipline resulting in her suffering injury, including as a pretext for termination, and being damaged.

87.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

88.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her race and/or that the violations of her rights were continuing in nature by Defendant.

89.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

**Count II – Title VII Disparate Treatment (Race – Termination)**

90.     Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

91.     Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII and the FCRA.

92.     Plaintiff is a member of a protected class, a racial minority, Muslim and/or Turkish, and of the national origin of the Republic of Turkey.

93.     Plaintiff was qualified for her position.

94.     Plaintiff suffered an adverse employment action(s), termination.

95.     Plaintiff was replaced by a person(s) outside of her protected class; and/or similarly situated comparator employees, including those non-Turkish employees or employees of other races/ethnicities named in this complaint, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them not resulting in termination.

96.     Defendant intended to discriminate and did discriminate on the basis of race, and/or Plaintiff's protected characteristic, race was a motivator or motivating factor in Defendant's treatment of Plaintiff when it terminated her employment.

97.     Defendant's discrimination concerned one or more of the activities enumerated in Title VII and the FCRA.

98.     As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

99.     Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

100.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being terminated, and was damaged.

101.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

102.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her race and/or that the violations of her rights were continuing in nature by Defendant.

103.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

<u>**Count III – § 1981 Disparate Treatment (Race – Discipline)**</u>

104.     Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

105.     Plaintiff is a member of a protected class, a racial minority, Muslim and/or Turkish, and of the national origin of the Republic of Turkey.

106.     Plaintiff was qualified for her position.

107.     Plaintiff suffered an adverse employment action(s), discipline, including the November 6, 7, and 15, 2019 discipline and for the December 2, 2018 discipline.

108.     Similarly situated comparator employees, including those non-Turkish employees or employees of other races/ethnicities named in this complaint, were treated more favorably than her in the terms and conditions of their employment, including discipline.

109.     Defendant intended to discriminate and did discriminate on the basis of race, and/or Plaintiff's protected characteristic, race, was a motivator or motivating factor in Defendant's treatment of Plaintiff in discipline.

110.     Defendant's discrimination concerned one or more of the activities enumerated in § 1981.

111.     As a result of the aforementioned conduct, Defendant violated § 1981.

112.     Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

SALAS LAW FIRM, P.A.

113.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in (false, inaccurate, and/or disparate) discipline resulting in her suffering injury, including as a pretext for termination, and being damaged.

114.   Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

115.   Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her race and/or that the violations of her rights were continuing in nature by Defendant.

116.   As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count IV – § 1981 Disparate Treatment (Race – Termination)

117.   Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

118.   Plaintiff is a member of a protected class, a racial minority, Muslim and/or Turkish, and of the national origin of the Republic of Turkey.

119.   Plaintiff was qualified for her position.

120.   Plaintiff suffered an adverse employment action(s), termination.

121.   Plaintiff was replaced by a person(s) outside of her protected class; and/or similarly situated comparator employees, including those non-Turkish employees or employees of other races/ethnicities named in this complaint, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them not resulting in termination.

122.     Defendant intended to discriminate and did discriminate on the basis of race, and/or Plaintiff's protected characteristic, race, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it terminated her employment.

123.     Defendant's discrimination concerned one or more of the activities enumerated in § 1981.

124.     As a result of the aforementioned conduct, Defendant violated § 1981.

125.     Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

126.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being terminated, and was damaged.

127.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

128.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her race and/or that the violations of her rights were continuing in nature by Defendant.

129.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### **Count V – Title VII & FCRA Disparate Treatment (National Origin – Discipline)**

130.     Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

131.     Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII and the FCRA.

132.     Plaintiff is a member of a protected class, with a national origin of the Republic of Turkey.

133.     Plaintiff was qualified for her position.

134.     Plaintiff suffered an adverse employment action(s), discipline, including the November 6, 7, and 15, 2019 discipline and for the December 2, 2018 discipline.

135.     Similarly situated comparator employees, including those employees of non-Turkish origin named in this complaint, were treated more favorably than her in the terms and conditions of their employment, including discipline.

136.     Defendant intended to discriminate and did discriminate on the basis of national origin, and/or Plaintiff's protected characteristic, national origin of Turkey, was a motivator or motivating factor in Defendant's treatment of Plaintiff in discipline.

137.     Defendant's discrimination concerned one or more of the activities enumerated in Title VII and the FCRA.

138.     As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

139.     Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

140.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in (false, inaccurate, and/or disparate) discipline resulting in her suffering injury, including as a pretext for termination, and being damaged.

141.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

142.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her national origin and/or that the violations of her rights were continuing in nature by Defendant.

143.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

**Count VI – Title VII & FCRA Disparate Treatment (National Origin – Termination)**

144.    Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

145.    Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII and the FCRA.

146.    Plaintiff is a member of a protected class, a racial minority, Muslim and/or Turkish, and of the national origin of the Republic of Turkey.

147.    Plaintiff was qualified for her position.

148.    Plaintiff suffered an adverse employment action(s), termination.

149.    Plaintiff was replaced by a person(s) outside of her protected class; and/or similarly situated comparator employees, including those non-Turkish employees or employees of other races/ethnicities named in this complaint, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them not resulting in termination.

150.    Defendant intended to discriminate and did discriminate on the basis of national origin, and/or Plaintiff's protected characteristic, national origin of Turkey, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it terminated her employment.

151.    Defendant's discrimination concerned one or more of the activities enumerated in Title VII and the FCRA.

152.    As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

153.    Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

154.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being terminated, and was damaged.

155.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

156.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her national origin and/or that the violations of her rights were continuing in nature by Defendant.

157.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count VII – Title VII & FCRA Disparate Treatment (Gender – Discipline)

158.    Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

159.    Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII and the FCRA.

160.    Plaintiff is a member of a protected class, female.

161.    Plaintiff was qualified for her position.

162.     Plaintiff suffered an adverse employment action(s), discipline, including the November 6, 7, and 15, 2019 discipline and for the December 2, 2018 discipline.

163.     Similarly situated comparator employees, including those males named in the complaint and other comparator males presently unknown, were treated more favorably than her in the terms and conditions of their employment, including discipline.

164.     Defendant intended to discriminate and did discriminate on the basis of gender, and/or Plaintiff's protected characteristic, female, was a motivator or motivating factor in Defendant's treatment of Plaintiff in discipline.

165.     Defendant's discrimination concerned one or more of the activities enumerated in Title VII and the FCRA.

166.     As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

167.     Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

168.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in (false, inaccurate, and/or disparate) discipline resulting in her suffering injury, including as a pretext for termination, and being damaged.

169.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

170.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her gender and/or that the violations of her rights were continuing in nature by Defendant.

171.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count VIII – Title VII & FCRA Disparate Treatment (Gender – Termination)

172.     Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

173.     Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII and the FCRA.

174.     Plaintiff is a member of a protected class, female.

175.     Plaintiff was qualified for her position.

176.     Plaintiff suffered an adverse employment action(s), termination.

177.     Plaintiff was replaced by a person(s) outside of her protected class; and/or similarly situated comparator employees, including those males named in the complaint and other comparator males presently unknown, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them not resulting in termination.

178.     Defendant intended to discriminate and did discriminate on the basis of gender, and/or Plaintiff's protected characteristic, female, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it terminated her employment.

179.     Defendant's discrimination concerned one or more of the activities enumerated in Title VII and the FCRA.

180.     As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

181.    Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

182.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being terminated, and was damaged.

183.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

184.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her gender and/or that the violations of her rights were continuing in nature by Defendant.

185.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count IX – Title VII & FCRA Disparate Treatment (Religion – Discipline)

186.    Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

187.    Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII and the FCRA.

188.    Plaintiff is a member of a protected class, of the Muslim faith.

189.    Plaintiff was qualified for her position.

190.    Plaintiff suffered an adverse employment action(s), discipline, including the November 6, 7, and 15, 2019 discipline and for the December 2, 2018 discipline.

191.    Similarly situated comparator employees, including those non-Muslims named in the complaint and other comparator non-Muslims presently unknown, were treated more favorably than her in the terms and conditions of their employment, including discipline.

192.    Defendant intended to discriminate and did discriminate on the basis of religion, and/or Plaintiff's protected characteristic, her religion, was a motivator or motivating factor in Defendant's treatment of Plaintiff in discipline.

193.    Defendant's discrimination concerned one or more of the activities enumerated in Title VII and the FCRA.

194.    As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

195.    Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

196.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in (false, inaccurate, and/or disparate) discipline resulting in her suffering injury, including as a pretext for termination, and being damaged.

197.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

198.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her religion and/or that the violations of her rights were continuing in nature by Defendant.

SALAS LAW FIRM, P.A.

199.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count X – Title VII & FCRA Disparate Treatment (Religion – Termination)

200.     Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

201.     Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII and the FCRA.

202.     Plaintiff is a member of a protected class, of the Muslim faith.

203.     Plaintiff was qualified for her position.

204.     Plaintiff suffered an adverse employment action(s), termination.

205.     Plaintiff was replaced by a person(s) outside of her protected class; and/or similarly situated comparator employees, including those non-Muslims named in the complaint and other comparator non-Muslims presently unknown, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them not resulting in termination.

206.     Defendant intended to discriminate and did discriminate on the basis of religion, and/or Plaintiff's protected characteristic, her religion, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it terminated her employment.

207.     Defendant's discrimination concerned one or more of the activities enumerated in Title VII and the FCRA.

208.     As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

209.     Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

210.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being terminated, and was damaged.

211.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

212.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her religion and/or that the violations of her rights were continuing in nature by Defendant.

213.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count XI – ADEA & FCRA Disparate Treatment (Age – Discipline)

214.     Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

215.     Plaintiff has completed all necessary pre-requisites to bringing her claims under the ADEA and the FCRA.

216.     Plaintiff is a member of a protected class, age over forty (40) years old.

217.     Plaintiff was qualified for her position.

218.     Plaintiff suffered an adverse employment action(s), discipline, including the November 6, 7, and 15, 2019 discipline and for the December 2, 2018 discipline.

219.     Similarly situated comparator employees, including those comparator employees of Defendant who were younger and/or substantially younger than Plaintiff named in this

complaint and those comparator employees presently unknown, were treated more favorably than her in the terms and conditions of their employment, including discipline.

220.    Defendant intended to discriminate and did discriminate on the basis of age in Defendant's treatment of Plaintiff in discipline.

221.    Defendant's discrimination concerned one or more of the activities enumerated in the ADEA and the FCRA.

222.    As a result of the aforementioned conduct, Defendant violated the ADEA and the FCRA.

223.    Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

224.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in (false, inaccurate, and/or disparate) discipline resulting in her suffering injury, including as a pretext for termination, and being damaged.

225.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

226.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her age and/or that the violations of her rights were continuing in nature by Defendant.

227.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count XII – ADEA & FCRA Disparate Treatment (Age – Termination)

228.    Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

229.    Plaintiff has completed all necessary pre-requisites to bringing her claims under the ADEA and the FCRA.

230.    Plaintiff is a member of a protected class, age over forty (40) years old.

231.    Plaintiff was qualified for her position.

232.    Plaintiff suffered an adverse employment action(s), termination.

233.    Plaintiff was replaced by a person(s) outside of her protected class; and/or similarly situated comparator employees, including those comparator employees of Defendant who were younger and/or substantially younger than Plaintiff named in this complaint and those comparator employees presently unknown, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them not resulting in termination.

234.    Defendant intended to discriminate and did discriminate on the basis of age in Defendant's treatment of Plaintiff when it terminated her employment.

235.    Defendant's discrimination concerned one or more of the activities enumerated in the ADEA and the FCRA.

236.    As a result of the aforementioned conduct, Defendant violated the ADEA and the FCRA.

237.    Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

238.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being terminated, and was damaged.

SALAS LAW FIRM, P.A.

239.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

240.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her religion and/or that the violations of her rights were continuing in nature by Defendant.

241.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

## Count XIII – Title VII & FCRA Disparate Treatment (Pay & Demotion) Against Defendant

242.    Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

243.    Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII and the FCRA.

244.    Plaintiff is a member of various protected class as described herein, including female of Turkish national origin.

245.    Plaintiff was qualified for her position.

246.    Plaintiff suffered an adverse employment action(s), on information and belief, being paid less than males or others outside of her protected classes (e.g. gender, race, national origin), for (at least) reducing her hours scheduled each week, for performing comparable work to males and being paid less, and for being demoted (by not maintaining the general manager position) to the assistant manager position as well as, on information and belief, being paid less than male assistant managers.

247.    Plaintiff was replaced by a person(s) outside of her protected class; and/or similarly situated comparator employees, including those males and non-Muslims/persons of Turkish descent, were treated more favorably than her in the terms and conditions of their employment, including being paid more than Plaintiff, or not having hours reduced, not being promised Store Manager position and being demoted or effectively demoted to assistant manager (while someone outside of her protected classes took over the position and/or duties of Store Manager).

248.    Defendant intended to discriminate and did discriminate on the basis of Plaintiff's protected characteristics, including gender, race and/or national origin, was a motivator or motivating factor in Defendant's treatment of Plaintiff.

249.    Defendant's discrimination concerned one or more of the activities enumerated in Title VII and the FCRA.

250.    As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

251.    Any purported legitimate reason for Plaintiff's termination given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

252.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in discipline and termination resulting in her suffering injury and being damaged.

253.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

SALAS LAW FIRM, P.A.

254.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her protected characteristics and/or that the violations of her rights were continuing in nature by Defendant.

255.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count XIV – Title VII & FCRA – Retaliation - Failure to Investigate

256.    Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

257.    Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII and the FCRA.

258.    Plaintiff engaged in a statutorily protected activity(ies), complaining to Lehman about reduction in hours, harassment, including Bell's statement "I feel like I'm being discriminated against because I am a Muslim and an immigrant.  I am a great worker, I don't know why he is doing this to me.  What can I do?  Please let me know."

259.    Plaintiff engaged in a statutorily protected activity(ies), complaining on October 26, 2018 to Lehman about Bell.

260.    Plaintiff suffered an adverse employment action(s), not having any investigation started or completed into her internal complaint.

261.    There is or are a casual connection(s) between Plaintiff's complaint to Lehman and about Bell on October 26, 2018, Defendant's failure to investigate her internal complaint, and the incorrect discipline and unlawful termination she received from Bell and Defendant and its managers that followed in November and December 2018.

262.     This casual connection includes the discipline issued, adopted, and acknowledged by Lehman, one of Defendant's corporate Human Resources employees.

263.     Defendant intended to retaliate and did retaliate on the basis of Plaintiff's internal complaint of race and national origin discrimination.

264.     Defendant's retaliation concerned one or more of the activities enumerated in Title VII and the FCRA.

265.     As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

266.     Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful retaliatory treatment.

267.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in discipline and in termination.

268.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

269.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of retaliation based on her internal complaint of discrimination and/or that the violations of her rights were continuing in nature by Defendant.

270.     As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

SALAS LAW FIRM, P.A.

**<u>Count XV – Title VII & FCRA Retaliation (Discipline & Termination) Against Defendant</u>**

271.   Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

272.   Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII and the FCRA.

273.   Plaintiff engaged in a statutorily protected activity(ies), complaining to Lehman about reduction in hours, harassment, including Bell's statement "I feel like I'm being discriminated against because I am a Muslim and an immigrant.  I am a great worker, I don't know why he is doing this to me.  What can I do?  Please let me know."

274.   Plaintiff engaged in a statutorily protected activity(ies), complaining on October 26, 2018 to Lehman about Bell.

275.   Plaintiff suffered an adverse employment action(s), being disciplined by Defendant and its managers for conduct which comparator employees were not disciplined, and terminated.

276.   There is or are a casual connection(s) between Plaintiff's complaint to Lehman and about Bell on October 26, 2018, and the incorrect and discriminatory discipline and unlawful termination she received from Bell and Defendant and its managers that followed in November and December 2018.

277.   This casual connection includes the discipline issued, adopted, and acknowledged by Lehman, one of Defendant's corporate HR employees.

278.   Defendant intended to retaliate and did retaliate on the basis of Plaintiff's internal complaint of race and national origin discrimination.

279.   Defendant's retaliation concerned one or more of the activities enumerated in Title VII and the FCRA.

SALAS LAW FIRM, P.A.

280.     As a result of the aforementioned conduct, Defendant violated Title VII and the FCRA.

281.     Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful retaliatory treatment.

282.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in discipline and in termination.

283.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

284.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of retaliation based on her internal complaint of discrimination and/or that the violations of her rights were continuing in nature by Defendant.

285.     As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

## Count XVI – § 1981 Retaliation

286.     Plaintiff realleges and incorporates paragraphs 1-75 as if fully set forth herein.

287.     Plaintiff has completed all necessary pre-requisites to bringing her claims under § 1981.

288.     Plaintiff engaged in a statutorily protected activity(ies), complaining to Lehman about reduction in hours, harassment, including Bell's statement "I feel like I'm being discriminated against because I am a Muslim and an immigrant.  I am a great worker, I don't know why he is doing this to me.  What can I do?  Please let me know."

289.     Plaintiff engaged in a statutorily protected activity(ies), complaining on October 26, 2018 to Lehman about Bell.

290.     Plaintiff suffered an adverse employment action(s), being disciplined by Defendant and its managers for conduct which comparator employees were not disciplined, and terminated.

291.     There is or are a casual connection(s) between Plaintiff's complaint to Lehman and about Bell on October 26, 2018, and the incorrect and discriminatory discipline and unlawful termination she received from Bell and Defendant and its managers that followed in November and December 2018.

292.     This casual connection includes the discipline issued, adopted, and acknowledged by Lehman, one of Defendant's corporate HR employees.

293.     Defendant intended to retaliate and did retaliate on the basis of Plaintiff's internal complaint of race discrimination.

294.     Defendant's retaliation concerned one or more of the activities enumerated in § 1981.

295.     As a result of the aforementioned conduct, Defendant violated § 1981.

296.     Any purported legitimate reason for Plaintiff's discipline given by Defendant is, in reality, a pretext for unlawful retaliatory treatment.

297.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in discipline and in termination.

298.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

299.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of retaliation based on her internal complaint of discrimination and/or that the violations of her rights were continuing in nature by Defendant.

300.    As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Grant a permanent injunction enjoining Defendant its officers, successors, assigns and all persons in active concert or participation with it, from engaging in discriminatory and retaliatory practices in violation of the law, as well as appropriately fashioned equitable relief aimed at preventing future discrimination and retaliation;

(b)  Award Plaintiff judgment against Defendant for compensatory and punitive damages as determined by the trier of fact;

(c)  Award Plaintiff all restitution and other damages, including pre- and post-judgment interest, for the benefits she would have received absent the retaliatory treatment;

(d)  Enter judgment for punitive damages against Defendant (and other Defendants, as applicable); and

(e)  Award all reasonable attorneys' fees and costs incurred in connection with this action; and any other further relief as justice may require.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

SALAS LAW FIRM, P.A.

Respectfully submitted this 21st day of November, 2019.

//s//<u>Michael G. Green II, Esq.</u>
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email:  michael@jpsalaslaw.com
Fla. Bar. No. 60859

//s//<u>John P. Salas, Esq.</u>
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email: jp@jpsalaslaw.com
Fla. Bar. No. 87593